72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sean MATTHEWS, Defendant-Appellant.
 No. 95-3123.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1995.
 
 Before: MERRITT, Chief Judge; GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Sean Matthews, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1994, a jury found Matthews guilty of three counts of armed bank robbery and aiding and abetting in violation of 18 U.S.C. Secs. 2113(a), (d) and 2, and use of a firearm during the robberies and aiding and abetting in violation of 18 U.S.C. Secs. 924(c)(1) and 2. The district court sentenced him to a total of 637 months of imprisonment and five years of supervised release.
 
 
 3
 Matthews has filed a timely appeal, arguing that the government presented insufficient evidence to support his convictions.
 
 
 4
 Upon review, we conclude that there was sufficient evidence to support Matthews's convictions. Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 5
 The government presented sufficient circumstantial evidence to support Matthews's convictions for counts one and two. United States v. Bond, 22 F.3d 662, 666 (6th Cir.1994); United States v. Duranseau, 19 F.3d 1117, 1121 (6th Cir.1994). The record reflects that police found a t-shirt at Matthews's residence that appeared similar to one witnesses described the robber wearing during the crime. The evidence also established that police found latent footprints at the scene of the crime that matched a pair of Nike tennis shoes found at Matthews's residence. In addition, on the day of the robbery, Matthews had a rental car similar to the car described as the getaway vehicle. Finally, Matthews admitted that he had helped rob the bank.
 
 
 6
 The government also presented sufficient evidence to support Matthews's convictions for counts three and four. A teller testified that two men entered the bank with guns, and she identified Matthews as one of the robbers. Another bank employee identified Matthews as the robber who had held a gun to her head. Moreover, Matthews admitted that he had helped rob the bank. The witnesses' statements that the robbers had worn masks do not render their testimony inadmissible, but only go to the weight of their testimony which is for the jury to assess under the totality of the circumstances. United States v. Causey, 834 F.2d 1277, 1286-87 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988). Matthews did not establish that the identification procedures were unduly suggestive, and the totality of the circumstances reflects that the witnesses' identifications were reliable. See Neil v. Biggers, 409 U.S. 188, 199-200 (1972).
 
 
 7
 Finally, the government presented sufficient evidence to support Matthews's convictions for counts five and six. A bank teller testified that she saw the defendant, Matthews, come toward her with a gun while holding a handkerchief over his nose and mouth. Two additional employees who had been returning from lunch noticed the robbery and called 911 to advise the dispatcher of the bank robbery and the temporary tag number of the getaway vehicle. Subsequently, law enforcement officers located the abandoned vehicle. They found two handguns, ammunition for the handguns, a white handkerchief in the shape of a triangle, and a temporary tag inside the car. A Federal Bureau of Investigation (FBI) agent noticed that the car was a rental and obtained Matthews's name and address from Budget Rent-A-Car. During a consent search of Matthews's residence, FBI agents found a pair of Nike tennis shoes, a striped t-shirt, and Budget rental agreements in the garage. Finally, after conferring with counsel, Matthews admitted that he had assisted in the robberies, that he had been armed, and that his accomplice had assaulted a customer during one of the robberies.
 
 
 8
 The bank teller's statement that the robber had covered his nose and mouth with a handkerchief does not render her testimony inadmissible, but only goes to the weight of her testimony which is for the jury to assess under the totality of the circumstances. Causey, 834 F.2d at 1286-87. Matthews did not establish that the identification procedures were unduly suggestive, and the totality of the circumstances reflects that the witness's identification was reliable. See Biggers, 409 U.S. at 199-200.
 
 
 9
 Accordingly, we affirm the judgment of conviction and sentence.